**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos ROBLES–ROSAS, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Luciano Lopez–Lopez, Defendant–Appellant.**

Nos. 00–50740, 00–50742.

D.C. No. CR–00–00822–BTM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Dec. 19, 2001.

Before GOODWIN, WALLACE, and THOMAS, Circuit Judges.

## MEMORANDUM *

Robles–Rosas and Lopez–Lopez appeal from judgments of conviction pursuant to 21 U.S.C. §§ 952, 960, and 841, for importation and possession with intent to distribute 44.36 kilograms of marijuana. The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction of these timely appeals pursuant to 28 U.S.C. § 1291. We affirm.

Robles–Rosas and Lopez–Lopez first argue that the district court abused its discretion under Federal Rule of Evidence 403 by permitting expert testimony regarding the structure and modus operandi of drug organizations. We review evidentiary rulings of the district court for an abuse of discretion. *United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir. 2001).

Testimony similar to that given in this case was allowed in *Murillo*. There, (1) the Government showed that the evidence was relevant to demonstrate the defendant's knowledge that he was in possession of the drugs; and (2) the defendant had raised the lack of fingerprints as probative of lack of knowledge. *Murillo*, 255 F.3d at 1177.

In the present case, no conspiracy was charged, but Robles–Rosas was charged with aiding and abetting. This made testimony relating to knowledge and drug trafficking organizations much more relevant.

* This disposition is not appropriate for publication and may not be cited to except as may be provided by Ninth Circuit Rule 36.3.

The expert testimony was also relevant to explain why Lopez–Lopez was in the car only shortly after the escape from the border.

The district court required the Government to articulate a rationale for the testimony and limited the testimony to only that which was relevant. The district court did not abuse its discretion in permitting expert testimony about the modus operandi of drug trafficking organizations.

■ Lopez–Lopez next argues that the Government thrice made references to Lopez–Lopez's failure to testify (once each in the Government's opening statement, closing argument, and rebuttal) and that these references violate his Fifth Amendment privilege against self-incrimination under *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). We must determine whether each statement "is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." *Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir.1987). "A prosecutor may properly comment upon the defendant's failure to present exculpatory evidence, so long as it is not phrased to call attention to the defendant's own failure to testify." *United States v. Soulard*, 730 F.2d 1292, 1306 (9th Cir. 1984).

Because Lopez–Lopez made no timely objection, we review the alleged violations of the *Griffin* rule for plain error. *United States v. Sehnal*, 930 F.2d 1420, 1425–26 (9th Cir.1991).

The Government's opening statement did not impermissibly refer to Lopez's failure to testify. The Government stated that the jury should pay attention to the explanations provided by the parties. This statement was not an indirect comment on Lopez–Lopez's Fifth Amendment right not to testify. Rather, it was a call to the jury to examine the evidence presented by *all parties*-the Government and the defendants. There was no plain error.

■ Lopez–Lopez argues that the Government's "magic bell" story in its closing argument impermissibly commented on Lopez–Lopez's failure to testify. The story is told in the context of arguing that Lopez–Lopez's pre-arrest behavior and evasive statements to law enforcement officials while in custody were indicative of guilty behavior. They are not comments on the failure of Lopez–Lopez to testify. There was no plain error.

■ The Government's rebuttal argument, in which the Government referred to the lack of testimony regarding key elements of Lopez–Lopez's case, also does not impermissibly reference his failure to testify. The Government may draw attention to the "defendant's failure to present exculpatory evidence." *United States v. Mayans*, 17 F.3d 1174, 1185 (9th Cir.1994), citing *United States v. Lopez*, 803 F.2d 969, 973 (9th Cir.1986). It is conceivable that the Government's statement might be interpreted as a comment on Lopez–Lopez's failure to take the stand in his own defense, but it is much more likely that a jury would interpret the statement as one observing that defense counsel failed to provide exculpatory evidence. Thus, applying the plain error standard, the statement does not rise to the level of "seriously affect[ing] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

AFFIRMED.